UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STEVEN P. SIMKINS, | Case No. 6:19-cv-01175-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| M&M TRANSPORT,<br>a Washington Corporation, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Steven Simkins filed this lawsuit against Defendant M&M Transport in July 2019 pursuant to the Court's diversity jurisdiction following a motor vehicle accident. *See* First Amended Complaint, ¶ 1–4, ECF No. 3 ("FAC"). In early December 2019, the parties filed a stipulated motion to dismiss, which the Court granted, entering judgment the same day. ECF Nos. 10–12. Plaintiff now moves to set aside that judgment pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"), arguing the case should be reinstated based on excusable neglect. *See* ECF No. 13. For the reasons that follow, the motion is DENIED.

Page 1 – OPINION & ORDER

## BACKGROUND

Defendant employed Plaintiff as a commercially licensed truck driver, including at the time of the accident. FAC ¶ 2. During the majority of his routes, Plaintiff operated a specific vehicle (the "Vehicle"), and at various times made complaints relating to the Vehicle's steering. *Id.* at ¶¶ 5–8. Those complaints were ignored. *Id.*

In mid-August 2017, Plaintiff approached a turn along Highway 101 as a small sedan veered into Plaintiff's lane. *Id.* at ¶¶ 9–10. Plaintiff successfully avoided colliding with the sedan; however, as he attempted to regain control, the Vehicle's steering wheel was "non-responsive," causing the Vehicle to "violently collide" with the guardrail alongside the roadway. *Id.* at ¶ 10 (quotation altered).[1]

After the complaint was filed, the parties' representatives engaged in at least two conversations that ultimately concluded with Plaintiff's counsel agreeing to dismiss the case in order to pursue alternative remedies for his client. Brandt Decl. ¶¶ 6–10, ECF No. 14; *see also* ECF Nos. 11–12 (granting stipulated motion to dismiss and entering judgment). After Plaintiff was unsuccessful pursuing insurance claims, he filed the pending motion to set aside the judgment. Brandt Decl. ¶¶ 11–13; *see also* Pl.'s Mot. Set Aside J. 2–4, ECF No. 13 ("Pl.'s Mot.").

///

///

---

[1] In its response, Defendant offers an alternative interpretation of the events that gave rise to the collision. Specifically, Defendant highlights police reports that concluded Plaintiff's excessive speed on the turn caused the accident and that the existence of the sedan was not reported to the police within 72 hours. Def.s' Resp. Opp'n 3, 5–6, ECF No. 15, ("Def.'s Opp'n"). For purposes of the pending motion, however, and without guidance from the parties, the Court accepts as true the facts as described in the FAC.

## STANDARD

In certain circumstances, a district court may grant relief from a final judgment or order pursuant to Rule 60(b). The Ninth Circuit has explained, however, that such relief "should be granted sparingly to avoid manifest injustice and *only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (emphasis in original; quotation altered). As relevant here, Rule 60(b)(1) allows courts to relieve a party from final judgment for "mistake, inadvertence, surprise or excusable neglect." *See United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 955–56 (9th Cir. 1994).

The Ninth Circuit has instructed that the following factors are relevant for determining whether a party has established excusable neglect:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Investment Services Co. v. Brusnwick Associates Ltd. Partnership.*, 507 U.S. 380, 395 (1993)). Finally, whether to grant a motion pursuant to Rule 60 is left to the discretion of the district court. *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1110 (9th Cir. 2011).

## DISCUSSION

Although Plaintiff's motion references Rule 60 and cites the Supreme Court's "leading case" on excusable neglect, Pl.'s Mot. 2 (citing *Pioneer*, 507 U.S. at 388–94), he does not specifically address the factors the Ninth Circuit has mandated district courts evaluate when ruling on excusable neglect in the context of Rule 60 motions. *See Briones v. Riviera Hotel &*

Page 3 – OPINION & ORDER

*Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (adopting *Pioneer* test for consideration of Rule 60(b) motions); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Instead, Plaintiff argues his counsel's mistaken belief as to the identity of his employer justifies setting aside this Court's judgment. Specifically, Plaintiff's counsel alleges that he was "enticed to dismiss upon the mistaken understanding that Defendant M&M Transport was the employer." Pl.'s Mot. 3 (citing Brandt Decl. ¶¶ 2–4). Plaintiff highlights a "Correcting Notice of Closure" form that lists "Barret Business Services, Inc." ("BBSI") as his employer. Brandt Decl., Ex. 2. Based on that exhibit, Plaintiff asserts that "[i]t has now been unequivocally determined that M&M Transport was not Plaintiff's employer." *Id.*[2]

The evidence supplied by Plaintiff, however, is insufficient to support his assertion that Defendant M&M Transport was not his employer. Under Oregon's statutory scheme for workers' compensation, a worker is any person who supplies service for remuneration, subject to the direction and control of an employer. *See* Or. Rev. Stat. ("ORS") § 656.005(30). That statute further defines an employer as any person or entity "that contracts to pay a remuneration for the services of any person and has the right to *direct and control such services*." *Id*. at § 656.005(13)(a) (emphasis added). A "right to direct and control" exists where the contracted employer, *inter alia*, sets the employee's hours and shifts, controls the employee's work location, establishes procedures, and maintains the power to terminate the employee. *See Gibson v. Safeway Stores*, *Inc.*, 307 Or. 120, 122 (1988).

---

[2] Plaintiff further asserts Defendant's counsel made "additional misrepresentations" that contributed to the current "misunderstanding," including that (1) Defendant was without meaningful assets to satisfy any judgment sought; (2) uninsured motorists and/or underinsured motorists policies were available to Plaintiff if he dismissed the case, and (3) Defendant would assist Plaintiff in pursuing such insurance claims. *Id*. (citing Brandt Decl. ¶¶ 6–10). Assuming without deciding that these alleged representations were in fact made, the Court finds they have no bearing on the excusable neglect standard and accordingly declines to consider them further.

Page 4 – OPINION & ORDER

Although Plaintiff cites an exhibit that lists BBSI as his "employer," Defendant simultaneously remained his employer for purposes of Oregon workers' compensation law. For example, Defendant retained direction and control over where and how Plaintiff would perform his job and determined how much he was paid. Blankenship Decl. ¶ 4, ECF No 16. Under the contractual relationship between Defendant and BBSI, the latter "engage[d] in a co-employer relationship only for purposes of providing workers compensation coverage under [the contract]." *Id*. at ¶ 6. Significantly, Plaintiff has offered no evidence or argument that the exclusion principles of Oregon's workers' compensation scheme do not apply in this context. *See* ORS § 656.018(1)(a)) ("The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries . . . .").

Finally, even if Plaintiff could establish that Defendant was not his employer, that purported mistake is insufficient to justify vacating the stipulated judgment. Although in limited circumstances Rule 60(b)(1) can excuse mistakes on the part of counsel, *see Bateman,* 231 F.3d at 1223, parties are generally "bound by the actions of their lawyers," *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). *See also Pincay*, 389 F.3d at 860 (9th Cir. 2004) (Berzon, J., concurring) ("*Pioneer* thus indicates that a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and *is a real mistake, rather than one feigned for some tactical reason*.") (emphasis added). Applying the *Pioneer* factors to this record, the prejudice to Defendant of vacating a judgment issued by this Court in December 2019, length of delay between the stipulated motion to dismiss and Plaintiff's current motion, and reasons for delay all weigh in favor of denying the motion to vacate. *See Minns v. Peake*, 466 F. App'x 619, 620 (9th

Cir. 2012) ("The district court reasonably concluded that the prejudice, length of delay and reason for delay factors favored denial of Minns' motion.").[3]

As such, the Court finds that Plaintiff has not established excusable neglect and there is an insufficient basis for setting aside the judgment.

## ORDER

For the reasons above, Plaintiff's motion to vacate (ECF No. 13) is DENIED.

DATED this 5th day of October 2020.

                                                  s/ Mustafa T. Kasubhai
                                                  MUSTAFA T. KASUBHAI
                                                  United States Magistrate Judge

---

[3] The Court further finds that Plaintiff has "failed to demonstrate the requisite excusable neglect" based upon his failure to offer evidence or specific argument relating to the relevant *Pioneer* factors. *See Williams v. Securitas Sec. Servs. USA, Inc.*, 584 F. App'x 891, 892 (9th Cir. 2014). ("The record supports the district court's finding that Williams failed to offer any evidence of excusable neglect on behalf of his counsel of record at the time the motion to dismiss was filed."). This lack of additional evidence operates as an additional independent reason to deny Plaintiff's motion.